UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| WILLIAM GAULT,<br><br>Plaintiff,<br><br>v.<br><br>ESURANCE PROPERTY AND CASUALTY INSURANCE COMPANY,<br><br>Defendant.<br>_____/ | Case No. 15-13407<br><br>SENIOR UNITED STATES DISTRICT JUDGE ARTHUR J. TARNOW<br><br>MAGISTRATE JUDGE ELIZABETH A. STAFFORD |

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [12]**

On September 11, 2015, Plaintiff filed this action against Defendant Esurance in state court. Esurance removed the action to this Court on September 28, 2015. On December 17, 2015, Esurance filed a Motion for Summary Judgment [12]. Esurance filed two Supplemental Briefs [14, 16] on January 21 and 29, 2016. On February 22, 2016, Plaintiff filed a Response [20], to which Esurance filed a Reply [21] on February 24, 2016. The Court held a hearing on the motion on June 24, 2016.

For the reasons stated below, Esurance's Motion for Summary Judgment [12] is **GRANTED**.

## FACTUAL BACKGROUND

On August 22, 2014, Defendant Esurance issued an insurance policy to Jacqueline Willingham. The policy provides no-fault personal injury protection (PIP) benefits. Willingham is the only Named Insured identified in the policy. The policy provides that it will pay benefits to a Named Insured or to a Named Insured's live-in relative, if the live-in relative is using a car listed on the policy with the Named Insured's permission.

Sometime between August and November 2014, Plaintiff asked Willingham to seek coverage for his 1996 Geo Prizm through her Esurance policy, at his expense. Willingham is not related to Plaintiff and has never lived with him. Willingham had met Plaintiff about six months earlier through her fiancé, with whom Plaintiff was friends.

On November 10, 2014, Willingham called Esurance several times. Between calls to Esurance, she called Plaintiff to discuss what information to provide. Willingham told Esurance representatives that Plaintiff was her brother. Neither Willingham nor any Esurance representative discussed whether Plaintiff lived with Willingham. On the same day these calls occurred, Esurance added Plaintiff to Willingham's policy as an additional driver (not a Named Insured), and also added his 1996 Geo Prizm as a covered auto.

Later that month, Plaintiff was parked in his wife's 2005 Chevy Monte Carlo when it was struck by another driver. The Monte Carlo was not on Willingham's Esurance policy.

In January 2015, Plaintiff notified Esurance of a claim for PIP benefits arising from the accident. He also asked that Esurance remove him from Willingham's policy and back-date the removal to December 1, 2014. Esurance removed him from the policy in January 2015. Esurance has produced records of notes made by its representatives concerning Plaintiff's claims for benefits. According to those notes, Willingham again represented that Plaintiff was her (half) brother during a phone call on February 6, 2015.

On March 12, 2015, Esurance conducted an Examination Under Oath of Plaintiff's wife. On May 27, 2015, Esurance conducted an Examination Under Oath of Willingham. When asked why she told Esurance that Plaintiff was her brother, Willingham answered that Plaintiff was her fiance's "brother" due to their friendship. Esurance asked Plaintiff to appear for an Examination Under Oath, but he did not. On August 10, 2015, Plaintiff's counsel received a letter from Esurance denying the claim for PIP benefits.

## ANALYSIS

Plaintiff's claim for PIP benefits turns on whether he is entitled to coverage under Willingham's insurance contract with Defendant. Plaintiff concedes that he

has no coverage under the plain language of the insurance contract. His concession is equivocal, since he requests time to investigate "latent ambiguities" in the contract. But he makes no attempt to explain what those ambiguities might be. He also explicitly asks the Court to "ignore the plain language of Ms. Willingham's Esurance policy." Thus, it appears undisputed that the contract does not provide Plaintiff coverage. Accordingly, Esurance's failure to pay PIP benefits on Plaintiff's claim is not a breach of contract.

Plaintiff seeks equitable remedies, including contract reformation and damages for unjust enrichment. Under Michigan law, "one who seeks the aid of equity must come in with clean hands." *Rose v. National Auction Group, Inc.*, 466 Mich. 453, 463 (Mich. 2002) (quoting *Stachnik v. Winkel*, 394 Mich. 375, 382 (Mich. 1975)); *see also Ammori v. Nafso*, No. 312498, 2014 WL 308845, at *3 (Ct. App. Mich. Jan. 28, 2014) ("A party with unclean hands may not assert claims for equitable relief such as a claim for unjust enrichment.") (citing *Attorney Gen v. PowerPick Player's Club of Mich*, LLC, 287 Mich. App 13, 52 (Ct. App. Mich. 2010)). Misconduct need not be illegal to render a party's hands unclean, so long as it includes "any willful act in regard to the matter in litigation, which would be condemned and pronounced wrongful by honest and fair-minded men." *Rose*, 466 Mich. at 466 (quoting 2 POMEROY'S EQUITY JURISPRUDENCE, ch. I, § 404, p. 143 (1941)). The misconduct need not harm the opposing party. *In re Sutter*, 665 F.3d

722, 731 (6th Cir. 2012) (explaining that the Michigan Supreme Court's decision in *Rose* implicitly rejected a harm requirement). The Court may apply the unclean hands doctrine sua sponte. *Gerald L. Pollack & Associates, Inc. v. Pollack*, 2015 WL 339715, at *46 (Ct. App. Mich. Jan. 27, 2015) (unpublished) (quoting *Stachnik v. Winkel*, 394 Mich. 375, 382 (Mich. 1975)).

Misrepresentations to an insurer designed to procure more favorable insurance contract terms, even if legal, would be pronounced wrongful by honest people. Under Michigan law, "a party may be deemed 'actively involved in defrauding' the insurer absent direct communication," so long as he is complicit in the misrepresentation made by the one who directly communicated with the insurer. *Price v. McCullough*, No. 307045, 2013 WL 331618, at *2 (Ct. App. Mich. Jan. 29, 2013) (unpublished) (citing *Hammoud v. Metropolitan Prop. & Cas. Ins. Co.*, 222 Mich. App. 485 (Ct. App. Mich. 1997)).

The Court holds that the unclean hands doctrine bars Plaintiff from receiving equitable remedies, including contract reformation and unjust enrichment damages. While acting on Plaintiff's request that she obtain coverage for him under her insurance contract, Willingham misrepresented to Esurance representatives that Plaintiff was her brother. At her Examination Under Oath, Willingham testified that she had only known Plaintiff for about six months at the time of the misrepresentation, and that she knew him as a friend of her fiancé. She also

testified that between her phone calls with Esurance representatives, she spoke with Plaintiff about what information to provide Esurance. Plaintiff has produced no testimony or other evidence to the effect that he did not know Willingham misrepresented their relationship. Any reasonable juror would conclude that Plaintiff at least knew of and acquiesced in the misrepresentation.

Even if Plaintiff's hands were clean, he has raised no genuine issue of material fact regarding whether he is entitled to contract reformation or unjust enrichment damages. Because Plaintiff is not a party to the contract between Willingham and Esurance, he cannot obtain reformation of the contract. *Stone v. Auto-Owners Ins. Co.*, 307 Mich. App. 169, 180 (Ct. App. Mich. 2014) (citing *Mate v. Wolverine Mut. Ins. Co.*, 233 Mich. App. 14, 25 (Ct. App. Mich. 1998); *Harwood v. Auto–Owners Ins. Co.*, 211 Mich. App. 249, 253–254, (Ct. App. Mich. 1995)). Further, Plaintiff's unjust enrichment claim seeks return of payments he allegedly made to Esurance—but he has provided no evidence supporting the assertions in his brief that he made any such payments. "[A] motion for summary judgment may not be defeated by factual assertions in the brief of the party opposing it, since documents of this nature are self-serving and are not probative evidence of the existence or nonexistence of any factual issues." *Garvey v. Montgomery*, 128 F. App'x 453, 462 n.6 (6th Cir. 2005) (quoting *Banks v. Rockwell Int'l N. Am. Aircraft Operations*, 855 F.2d 324, 325 n. 1 (6th Cir. 1988)).

Because Plaintiff is barred from receiving equitable remedies and he is not entitled to remedies under the relevant contract, Defendant is entitled to summary judgment on all of Plaintiff's claims.

## CONCLUSION

For the reasons stated above,

**IT IS ORDERED** that Defendant's Motion for Summary Judgment [12] is **GRANTED**.

**SO ORDERED**.

|  |  |
|---|---|
|  | s/Arthur J. Tarnow |
|  | Arthur J. Tarnow |
| Dated: July 29, 2016 | Senior United States District Judge |

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on July 29, 2016.

s/Deborah Tofil     for Mike Lang
Deborah Tofil
Case Manager (313)234-5122